UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:23-cr-00207-JAR |
| | ) |
| CARRIE LITTLE, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S FIRST MOTION IN LIMINE:
EXCLUDE EXPERT WITNESS TESTIMONY**

Defendant, Carrie Little, by and through undersigned counsel, and, pursuant to Rule 702, Fed. R. Crim. P., hereby moves this Court to exclude any and all testimony of each witness for which the Government has, to date, provided notice of anticipated expert testimony during the trial of this cause, (Docs. #55, #56), as the Government cannot demonstrate that any such testimony satisfies the criteria for admissibility under Rule 702. Defendant states in support as follows:

**INTRODUCTION**

1. Defendant anticipates that the Government will seek to introduce the testimony of two expert witnesses in the trial of this case: Jatonya Clayborn-Muldrow[1] and Anthony Harper.[2]

---

[1] To date, the Government has not disclosed: (1) a complete statement of all opinions that the government will elicit from Ms. Clayborn-Muldrow in its case-in-chief, or during its rebuttal; (2) the bases and reasons for them; (3) her qualifications, including a list of all publications authored in the previous 10 years; and (4) a list of all other cases in which, during the previous 4 years, she has testified as an expert at trial or by deposition, as is required by Rule 16(a)(1)(G)(iii).

[2] To date, though the Government has disclosed Mr. Harper's CV and a list of topics in which he purports to have expertise, it is unclear whether the Government has disclosed: (1) a complete statement of all opinions that the government will elicit from Mr. Harper in its case-in-chief, or during its rebuttal; (2) the bases and reasons for them; (3) a list of all other cases in which, during the previous 4 years, she has testified as an expert at trial or by deposition, as is required by Rule 16(a)(1)(G)(iii).

1

2. According to the Government, Jatonya Clayborn-Muldrow is a former Detective with the St. Louis City Police Department, and currently serves as an Assistant Director of Law Enforcement Operations, at the Washington University Police Department. (Doc. #55.)

3. The Government has indicated that Ms. Clayborn-Muldrow's testimony will include: "(1) her background and experience; (2) an explanation of common sex-trafficking practices, the language used in this context and the sub-culture of the commercial-sex life; (3) an explanation of the terms and the roles of various individuals in such a conspiracy; (4) an explanation of methods of control, recruitment and coercion used by traffickers; (5) an explanation of the common tools and methods used to promote commercial sex; (6) the toll of the exploitation victims in sex-trafficking situations; and (7) the relationship between sex trafficking and the possession of large quantities of U. S. currency." (Doc. #55.)

4. The Government contends Ms. Clayborn-Muldrow's testimony "will be based on her experience investigating and supervising the investigation human trafficking matters, working with many victims of human trafficking, sex trafficking, and other crimes involving sexual abuse/assault/exploitation, her education, and professional training she has received and conducted specifically regarding human trafficking, sex trafficking, and other crimes involving sexual abuse and assault and victim services." (Doc. #55.)

5. Additionally, Defendant anticipates that the Government will seek to introduce the testimony of Anthony Harper, a Senior Forensic Interviewer at the Children's Advocacy Services of Greater St. Louis.

6. The Government has indicated that it intends to call Mr. Harper to testify "regarding common victim dynamics in human trafficking, sex trafficking, and other crimes involving sexual abuse/assault/exploitation." (Doc. #56.)

7. The Government expects Mr. Harper to explain "the ways that victims who have been sexually abused, assaulted, and exploited tend to react and cope during and after these experiences…and to "describe the dynamics around the disclosure of abuse and reporting behaviors, including gradual and delayed disclosures, minimization and recantation; victim behavior at the time of abuse/assault/exploitation; victim behavior after abuse/assault/ exploitation and/or disclosure; as well as the dynamics of abuse/assault/exploitation when the perpetrator occupies a position of trust." (Doc. #56.)

8. The Government contends that Mr. Harper's testimony will be based on "his experience working with many victims of human trafficking, sex trafficking, and other crimes involving sexual abuse/assault/exploitation, his education, and professional training he has received and conducted specifically regarding human trafficking, sex trafficking, and other crimes involving sexual abuse and assault and victim services." (Doc. #56.)

**LEGAL STANDARD**

The admissibility of all expert testimony is governed by the principles of Rule 104(a). Under that Rule, the proponent has the burden of establishing that the pertinent admissibility requirements are met by a preponderance of the evidence. *See Bourjaily v. United States*, 483 U.S. 171 (1987).

Expert testimony is regulated by Rule 702, Fed. R. Crim. P., *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) (charging trial judges with the responsibility of acting as gatekeepers to exclude unreliable expert testimony), and the many cases applying

*Daubert*, including *Kumho Tire Co. v. Carmichael*, 119 S.Ct. 1167, 1178 (1999) (Clarifying that trial judges' gatekeeper function applies to *all* expert testimony, not just testimony based in science.)

Rule 702 provides as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> **(a)** the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> **(b)** the testimony is based on sufficient facts or data;
>
> **(c)** the testimony is the product of reliable principles and methods; and
>
> **(d)** the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

## ARGUMENT

**I. The Government cannot demonstrate that the anticipated testimony of Jatonya Clayborn-Muldrow satisfies the criteria for admissibility under Rule 702.**

Defendant submits that Ms. Clayborn-Muldrow's purported specialized knowledge will not "help the trier of fact to understand the evidence or to determine a fact in issue."

The Government has failed to demonstrate that Ms. Clayborn Muldrow's anticipated testimony is based on "sufficient facts or data."

The Government has failed to demonstrate how Ms. Clayborn-Muldrow's anticipated testimony is "the product of reliable principles and methods."

The Government has failed to indicate that Ms. Clayborn-Muldrow has rendered an opinion regarding this case. In fact, according to the Government, she "has not been provided with specific information regarding the details of this case." (Doc. #55.) Thus, the Government

4

cannot demonstrate how her "opinion (which either does not exist, or has not been disclosed to date) reflects a reliable application of the principles and methods to the facts of the case."

Accordingly, the anticipated testimony of Jatonya Clayborn-Muldrow must be excluded under Rule 702.

The admission of any anticipated testimony of Jatonya Clayborn-Muldrow, as described above, would violate Defendant's rights to due process, as guaranteed by U.S. Const. amend. V and XIV.

## II.  The Government cannot demonstrate that the anticipated testimony of Anthony Harper satisfies the criteria for admissibility under Rule 702.

Defendant submits that Mr. Anthony Harper's purported specialized knowledge will not "help the trier of fact to understand the evidence or to determine a fact in issue."

The Government has failed to demonstrate that Mr. Harper's anticipated testimony is based on "sufficient facts or data."

The Government has failed to demonstrate how Mr. Harper's anticipated testimony is "the product of reliable principles and methods."

The Government has failed to indicate that Mr. Harper has rendered an opinion regarding this case.  In fact, according to the Government, she "has not been provided with specific information regarding the details of this case."  (Doc. #56.)  Thus, the Government cannot demonstrate how his "opinion (which either does not exist, or has not been disclosed to date) reflects a reliable application of the principles and methods to the facts of the case."

Accordingly, the anticipated testimony of Anthony Harper must be excluded under Rule 702.

5

The admission of any anticipated testimony of Anthony Harper, as described above, would violate Defendant's rights to due process, as guaranteed by U.S. Const. amend. V and XIV.

## CONCLUSION

For these reasons, Defendant respectfully requests that this Court exclude any and all anticipated testimony, as described above and in Documents 55 and 56, offered or elicited by the Government from the foregoing witnesses, and any additional testimony consistent with the anticipated testimony, from the trial of this cause, as the Government cannot demonstrate that such anticipated testimony satisfies the criteria for admissibility under Rule 702.

Respectfully submitted,

/s/ *Joseph G. Whitener*
JOSEPH G. WHITENER, #65273MO
Attorney for Defendant
120 S. Central Avenue, Suite 160
Clayton, Missouri 63105
(314) 452-5221/Facsimile (314) 354-8271
jw@jwhitenerlaw.com

## CERTIFICATE OF SERVICE

Signature above is also certification that on August 22, 2024, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.