UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-cr-00207-JAR |
| ) | |
| CARRIE LITTLE, ) | |
| ) | |
| Defendant. ) | |

### SENTENCING MEMORANDUM

Defendant, Carrie Little, by and through her attorney, Joseph G. Whitener, respectfully submits the following memorandum to assist the court in determining a sentence that is sufficient but not greater than necessary to comply with the purposes of sentencing.

**I. Background**

On August 23, 2024, Ms. Little pled guilty to one count of a three-count Indictment. Presentence Investigation Report ("PSR") at ¶ 1.  Count 2 charged Coercion and Enticement, in violation of 18 U.S.C. § 2422(b).  Id.

As reflected in the plea agreement between the parties, and Rule 11(c)(1)(A), in exchange for Ms. Little's voluntary plea of guilty to Count 2 of the Indictment, the government agreed to move for, at the time of sentencing, dismissal of Count 1, which charged Sex Trafficking of a Minor and Count 3, which charged Promoting Prostitution.  PSR at ¶ 1.  The parties agreed that either party may request a sentence above or below the United States Sentencing Guidelines (USSG) range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the guidelines and 18 U.S.C. § 3553(a).  PSR at ¶ 4.  The parties agreed further the government will recommend a

1

three-level reduction for acceptance of responsibility, pursuant to USSG §§3E1.1(a) and 3E1.1(b).  PSR at ¶ 6.

The parties agreed that the following Specific Offense Characteristics apply: two levels should be added pursuant to USSG §2G1.3(b)(1)(A) because the defendant was a parent, relative or legal guardian of the minor; two levels should be added pursuant to USSG §2G1.3(b)(2)(B) \ because the defendant unduly influenced a minor to engage in prohibited sexual conduct; two levels should be added pursuant to USSG §2G1.3(b)(3)(B) because the offense involved the use of a computer or an interactive computer service to solicit a person to engage in prohibited sexual conduct with the minor; and two levels should be added pursuant to USSG §2G1.3(b)(4)(A) because the offense involved the commission of a sex act or sexual contact.  PSR at ¶ 5.

Accordingly, the parties estimated that the Total Offense Level to be 33.  PSR at ¶ 9.  The parties did not have an agreement as to Ms. Little's estimated Criminal History category.  However, Ms. Little agrees and concurs with the estimated Criminal History Category set forth in the PSR, which calculated Ms. Little's criminal history to be 11, which establishes a criminal history category of V.  PSR at ¶ 56.

Based upon a total offense level of 33 and a criminal history category of V, the guideline imprisonment range is 210 months to 262 months.  PSR at ¶ 88.

The minimum term of imprisonment is 10 years and the maximum term is life. 18 U.S.C. § 2422(b). PSR at ¶ 87.

## II.  Sentencing Rules

Title 18 U.S.C. § 3553(a) requires this Court to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing.  There are four purposes of

sentencing,[1] and six factors to consider in connection with them.[2]

### III. The Nature of the Offense

On August 23, 2024, Ms. Little pled guilty to count 2 of a three-count Indictment. PSR at ¶ 1. Count 2 charged Coercion and Enticement, in violation of 18 U.S.C. § 2422(b).

Beginning in May 2020, Ms. Little began posting advertisements for commercial sex on websites known and used by sex traffickers featuring sexually suggestive photos of M.B., Little's daughter, a minor. Accordingly, Ms. Little used the internet to persuade, induce, entice, or coerce M.B., a minor, to engage in prohibited sexual conduct with M.B.

In doing so, Ms. Little and M.B. arranged "dates" for M.B. and set prices for the purpose of receiving money in exchange for sex services from M.B. After receiving sex services from M.B., the men either paid Ms. Little or paid M.B. directly. Between June, 2021 and November, 2022, M.B. and Ms. Little deposited $314,425.70 into a checking account jointly maintained by M.B. and Ms. Little. During that time, M.B. and Ms. Little withdrew $313,005.93 from the account.

---

[1] The purposes of sentencing are:
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment
for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.
18 U.S.C. §3553(a)(2)(A)-(D).

[2] The factors to consider in connection with the purposes of sentencing are:
(A) the nature and circumstances of the offense and the history and characteristics of the defendant;
(B) the kinds of sentences available;
(C) the guidelines promulgated by the Sentencing Commission;
(D) any pertinent policy statement issued by the Sentencing Commission;
(E) the need to avoid unwarranted sentencing disparities among similarly situated defendants; and
(F) the need to provide restitution to any victims of the offense.
18 U.S.C. §3553(a)(1)-(7).

### IV. Little's History and Characteristics

Carrie Lynn Little was reportedly born on December 24, 1979, in Mattoon, Illinois, to the union of Brett Little and Judy Patton.  PSR at ¶ 59.  Ms. Little's parents divorced in her early childhood.  Id.

Ms. Little experienced a turbulent upbringing, which she has "chaos, sex, drugs, and rock and roll."  Id.  Throughout her early childhood, Ms. Little lived in short-term housing or hotels throughout the United States with her parents, as they worked as cable television installers.  PSR at ¶ 65.  After her parents divorced, Ms. Litle resided in Missouri and Illinois with her mother and sister.  Id.

Ms. Little regularly observed her mother intoxicated, and was exposed to several instances of domestic violence perpetrated against her mother by various men.  PSR at ¶ 59.  Her mother is a recovering alcoholic, whose substance abuse habits interfered her ability to properly care for her children.  PSR at ¶ 65.  Despite these experiences, Ms. Little maintains a close relationship with mother, who remains supportive of her.  PSR at ¶ 59.

Ms. Little has one sister, Cassandra Ingram, with whom she maintains a close and supportive relationship.  PSR at ¶ 59.  Ms. Little had minimal adult supervision during her youth, which resulted in her developing self-reliance to satisfy her basic needs.  Id.  She was sexually abused from approximately age 8 to age 13 by two of her maternal uncles.  Id.  Further, Ms. Little was raped by a "serial rapist" in California in 1998 and recalled having to testify in a publicized trail regarding her victimization. victim to several acts of sexual assault and violence from age 16 to age 21, while working as a commercial sex worker.  Id.

Ms. Litte completed the 10th grade at Licking R-VIII High School in Licking, Missouri, in approximately 1995.  PSR at ¶ 74.  She discontinued her education after finding out she was

4

pregnant with her first child, William Lee Scott "Scottie" Little, at age 17.  PSR at ¶¶ 60, 74.  Mr. Little, age 28, resides in Alton, Illinois, and is a veteran of the United States Army.  PSR at ¶ 60.  He remains supportive of Ms. Little.  Id.

Ms. Little was married to Matthew Benson, age 56, from approximately 2002 to 2007.  PSR at ¶ 61.  Mr. Benson suffered from alcoholism and was physically abusive toward Ms. Litle throughout their marriage.  They have one child, in common, Makaya Benson, age 22, the victim in the instant offense.  Id.  Ms. Little raised Makayla by herself, and regards her as her "best friend."  Id.

Ms. Little was married to Christopher Jackson, age 56, from approximately 2008 to 2010.  Ms. Little and Mr. Jackson have one child in common: Brooklynn Jackson, age 16.  PSR at ¶ 62.

Ms. Little was married to Steven Koenig, age 43, from approximately 2011 to 2015.  Ms. Little and Mr. Koenig do not have any children in common.  PSR at ¶ 63.

Ms. Little has been in relationship with David Shreve, age 43, since approximately 2016.  Ms. Little and Mr. Shreve have one child in common: Madilynn Shreve, age 5.  Mr. Shreve remains supportive of Ms. Little.  Id.

In approximately 2018, the defendant was reportedly diagnosed with hypertension, atrial fibrillation, and tachycardia.  PSR at ¶ 67.  She his prescribed medication (metoprolol tartrate) daily for her heart health.  Id.

Ms. Little first received mental health care as a teenager and has met with multiple mental health professionals since that time.  PSR at ¶ 68.  She has been diagnosed with post-traumatic stress disorder ("PTSD") and Bi-polar Disorder.  Id.  Her diagnosis of PTSD stems from the profound trauma she experienced during her youth, adolescence, and early adulthood.  Id.  Her childhood, history of sexual abuse, and early exposure to prostitution have each

5

contributed to her trauma.  Id.  Ms. Little has been prescribed Xanax, Pristiq, and Buspar at various times throughout her life to address her mental health symptoms.  Id.

Ms. Little may benefit from participating in mental health treatment during any period of incarceration or while on supervision.  PSR at ¶ 70.

Ms. Little has struggled with substance abuse throughout her life.  She first used alcohol at age 9.  PSR at ¶ 71.  She acknowledges that she has minimized the role alcohol played in her life for several years, as her mother's alcoholism and the prevalence of alcohol abuse within the commercial sex industry made her believe that her alcohol intake was "normal."  Id.  Ms. Little acknowledges that that alcohol has been a problem for her, and that she has abused it to "cope" with unwanted emotions and difficult situations, and that her alcohol abuse precipitated some of her prior criminal conduct.  Id.

Ms. Little first used marijuana at age 11.  PSR at ¶ 71.  She reported using marijuana intermittently since that time, but does not have an addiction to the substance.  Id.  She first abused Xanax at age 20.  Id.  Though initially prescribed, she began seeking out benzodiazepines "on the street" when she did not have refills or access to a prescribing physician.  Id.  She reported a history of abusing cocaine and methamphetamine during an interview with the Missouri Board and Probation and Parole in 1998.  Id.

Ms. Little has attempted to address her substance abuse issues at various points throughout her life.  At age 14, Ms. Little enrolled in an inpatient substance about treatment program in Springfield, Missouri.  PSR at ¶ 72.  However, she did not complete the program.  Id.  Likewise, in April, 1999, Ms. Little was briefly enrolled in an institutional substance abuse treatment program at the Women's Eastern Reception, Diagnostic, and Correctional Center in Vandalia, Missouri.  Id.

Ms. Little would benefit from participating in substance abuse treatment or education during any period of incarceration or while on supervision and may benefit from placement in the Residential Drug Abuse Program (RDAP) while incarcerated. PSR at ¶ 73.

Ms. Little has a demonstrated commitment to and interest in acquiring job training skills that will enable her to live as a law abiding, productive member of society. PSR at ¶ 81. On May 1, 2000, Ms. Little obtained her GED while incarcerated in the Missouri Department of Corrections. PSR at ¶ 75. She has worked as a self-employed carpenter at various time throughout her adulthood. Id. Additionally, she performed minor home renovations, cleaned out foreclosed homes, and worked as a bartender. Id.

In May, 2013, Ms. Little completed a vocational course in basic electronics and electricity while incarcerated in the Missouri Department of Corrections. PSR at ¶ 76. She is interested in vocational, occupational, and/or apprenticeship training in the Bureau of Prisons during any period of incarceration. Id. Specifically, she hopes to acquire skills in the construction, plumbing and electrical trades. Id.

**V. Little's Personal Circumstances Should Be Considered in Reaching a Minimally Sufficient Sentence.**

The Sentencing Guidelines specifically authorize a court to consider "the history and characteristics of the defendant" when determining whether a sentence is sufficient, but not greater than necessary, to comply with the purposes of § 3553(a). 18 U.S.C. § 3553(a)(1). This includes consideration of a defendant's mental and emotional condition. See *United States v. Almenas*, 553 F.3d 27, 37 (1st Cir. 2009) (affirming sentence where district court considered defendant's history and circumstances, including his physical and mental condition). "Evidence regarding social background and mental health is significant, as there is a 'belief, long held by this society, that defendants who commit criminal acts that are attributable to a

7

disadvantaged background or to emotional or mental problems, may be less culpable than defendants who have no such excuse." *Douglas v. Woodford*, 316 F.3d 1079, 1090 (9th Cir. 2003).

Even where a mitigating factor does not warrant a downward departure, this Court may still consider the factor to justify a variance below the Sentencing Guidelines range. See *Rita v. United States*, 551 U.S. 338, 351 (2007) (noting that a non-guideline sentence may be appropriate where "the Guidelines sentence itself fails properly to reflect §3553(a) considerations, or perhaps because the case warrants a difference sentence regardless."). "There may well be cases that would not justify a departure under the Guidelines, but which are appropriate for a variance." *United States v. Robinson*, 454 F.3d 839, 842 (8th Cir. 2006). The mental condition of the defendant is an established basis for granting a variance below the Sentencing Guidelines. See *United States v. Myers*, 503 F.3d 676, 687 (2007) (affirming district court's downward variance that considered defendant's struggle with mental illness).

Here, Ms. Little's personal circumstances, including past sexual abuse and related trauma; mental health diagnoses; history of substance abuse; and strong support among her family and in the community, are appropriately considered in determining a minimally sufficient sentence in this case in light of the statutory purposes of sentencing. See PSR at ¶ 107.

Sentencing courts have considered factors such as strong family support and community ties in varying downward. See *United States v. Sayad*, 589 F.3d 1110, 1118 (10th Cir. 2009) (downward variance to five years of probation for racketeering, in part, because defendant came from a close-knit family and community and was, therefore, a good candidate for rehabilitation); *United States v. Wachowiak*, 412 F. Supp. 2d 958, 964 (E.D. Wis. 2006), aff'd, 496 F.3d 744 (7th Cir. 2007) (imposing a sentence below the guidelines, in part, because of the strong family

support defendant enjoyed, which would aid in his rehabilitation and re-integration into the community); *United States v. Beiermann*, 599 F. Supp. 2d 1087, 1110 (N.D. Iowa 2009) (considering the show of support from defendant's family, suggesting he will have support in his efforts at rehabilitation, in granting a motion for downward variance).

Ms. Little has strong family support and community ties, as reflected by their letters of support and anticipated presence at sentencing.

Collectively, Ms. Little's personal circumstances, as discussed above and as will be elaborated during Defendant's sentencing, support a sentence at or below the low end of the applicable guidelines range.

### VI. Conclusion

For these reasons, the undersigned respectfully suggests that a sentence at or below the low end of the applicable guideline range will best serve the statutory purposes of sentencing.

Respectfully submitted,

/s/ *Joseph G. Whitener*
JOSEPH G. WHITENER, #65273MO
Attorney for Defendant
120 S. Central Avenue, Suite 160
Clayton, Missouri 63105
(314) 452-5221
jw@jwhitenerlaw.com

## **CERTIFICATE OF SERVICE**

Signature above is also certification that a true and correct copy of the above and foregoing document was electronically filed with the clerk of the court this 12th day of November, 2024, to be served by operation of the court's electronic filing system upon all counsel of record.